W. J. Maddock *v.* United States

**No. 5465.**—Invoice dated Paris, France, January 8, 1940.
Certified January 11, 1940.
Entered at New York February 24, 1940.
Entry No. 788193.

(Decided October 14, 1941)

*Mary Rehan* for the plaintiff.
. *Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

Oliver, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Paul P. Rao, Assistant Attorney General, attorney for the defendant and Mary Rehan, attorney for the plaintiffs, subject to the approval of the Court, that the merchandise covered by the reappraisement enumerated above consists of bottles and boxes and labels similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain Inc.* described in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisement enumerated above is the same as the issue involved in the case of *United States* vs. *Guerlain Inc. supra.*

It is further stipulated and agreed that:

Where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation, or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture, who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that:

As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses, incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that:

The merchandise subject to this stipulation is indicated in the following manner: All bottles coming within this stipulation and subject to the agreement of fact are indicated by the letter "A", initialed W. R. S. by Examiner W. R. Shapiro; all boxes and labels coming within this agreement of fact are indicated by the letter "B", initialed J. C. Q. by Examiner J. C. Quin and initialed W. A. McD. by Examiner W. A. McDevitt. All other merchandise, such as vaporizers, etc., appearing on these invoices is abandoned.

The reappraisements are waived as to all merchandise excepting bottles and boxes and labels.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles identified on the invoice by the items marked A and initialed W. R. S. by Examiner W. R. Shapiro, and as to the boxes and labels identified on the invoice by the items marked B and initialed J. C. Q. by Examiner J. C. Quin and initialed W. A. McD. by Examiner W. A. McDevitt, wherein the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised values thereof, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

As to the bottles identified on the invoice by the items marked A and initialed W. R. S. by Examiner W. R. Shapiro, and as to the boxes and labels identified on the invoice by the items marked B and initialed J. C. Q. by Examiner J. C. Quin and initialed W. A. McD. by Examiner W. A. McDevitt, advanced in value by the appraiser, the entered values thereof.

The appeal having been waived insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgement will be rendered accordingly.